2:05CV535-F

FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

RECEIVED
2005 JUN -6 A 10: 07

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Name: Levert Reed III

Prison Number: AIS# 229554

Place of Confinement: Fountain C.C. 3800 Atmore Alabama. 36503

United States District Court Montgomery   District of Montgomery Ala

Case No. _____
(To be supplied by Clerk of U. S. District Court)

Levert Reed III , PETITIONER
(Full name) (Include name under which you were convicted)

Jerry Ferriel , RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF Mr. Roy King

_____, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgment which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8-½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8-½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, <u>the original and two copies* must be</u> mailed to the Clerk of the United States District Court whose address is
P. O. Box 711, Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

*If you are proceeding in forma pauperis, only the original petition needs to be filed with the Court.

PETITION

1. Name and location of court which entered the judgment of conviction under attack _Washington County Circuit Court_

2. Date of judgment of conviction _____

3. Length of sentence _37 years_    Sentencing Judge _Hal Crow_

4. Nature of offense or offenses for which you were convicted: _murder_

5. What was your plea? (check one)
   (a) Not guilty (✓)
   (b) Guilty ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (Check one)
   (a) Jury (V)
   (b) Judge only ( )

7. Did you testify at the trial? Yes (V)   No ( )

8. Did you appeal from the judgment of conviction? Yes (V)   No ( )

9. If you did appeal, answer the following:
   (a) Name of court  **Alabama Criminal Court of Appeals**
   (b) Result  **Confirmed**
   (c) Date of result  **Oct. 29, 2003**
   If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details:  **Confirmed**

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?   Yes (V)   No ( )

11. If your answer to 10 was "yes", give the following information:
    (a)(1) Name of court  **Escambia County Circuit Court**
       (2) Nature of proceeding  **transfered back to Washington Co. Circuit Court.**
       (3) Grounds raised  **see Habius Corp state and fed consit.**

       (4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )   No (V)
       (5) Result _____
       (6) Date of result _____
    (b) As to any second petition, application or motion give the same information:
       (1) Name of court _____
       (2) Nature of proceeding _____
       (3) Grounds raised _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )   No (V)
       (5) Result _____
       (6) Date of result _____

(c) As to any third petition, application or motion, give the same information:
   (1) Name of court _Ala. Crim. Court of App._
   (2) Nature of proceeding _Confirmed_
   (3) Grounds raised _Same as others Ineffic. Attorney that handled trial and Appeal Evidence, lay of witness of testimony medication viordy. Poll the jury Illegle sentence, illegle jury self defence. see rule 32_
   (4) Did you receive an evidentiary hearing on your petition, application or motion?  Yes ( )  No (✓)
   (5) Result _____
   (6) Date of result _____
(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
   (1) First petition, etc.      Yes ( )  No ( )
   (2) Second petition, etc.     Yes ( )  No ( )
   (3) Third petition, etc.      Yes ( )  No ( )
(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

12. State concisely every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.

   CAUTION:  In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief.  If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them.  However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose.  Do not check any of the grounds listed below.  The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
((d)) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
((e)) Conviction obtained by a violation of the privilege against self-incrimination.
((f)) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
((g)) Conviction obtained by a violation of the protection against double jeopardy.
((h)) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
((i)) Denial of effective assistance of counsel.
((j)) Denial of right of appeal.

A. Ground one: **witnesses**
Supporting FACTS (tell your story briefly without citing cases or law): **Denied testimony of lay of witnesses**

B. Ground two: **the jury**
Supporting FACTS (tell your story briefly without citing cases or law): **Attorney AS for change of ven. Could not get a fair trial IN washington county.**

C. Ground three: _medication_

Supporting FACTS (tell your story briefly without citing cases or law): _See Rule 32 for comple Details_

D. Ground four: _Inefec. assist of counsle_

Supporting FACTS (tell your story briefly without citing cases of law): _See Rule 32 Also for details._

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (✓)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing _Skip Buspy_
    (b) At arraignment and plea _Skip Buspy_

(c) At trial **Skip Buspy**

(d) At sentencing **Skip Buspy**

(e) On appeal **Ben Kelly**

(f) In any post-conviction proceeding **None**

(g) On appeal from any adverse ruling in a post-conviction proceeding: **None**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ( )   No (✓)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ( )   No (✓)
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____
    (b) And give date and length of sentence to be served in the future: _____
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ( )   No ( )

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare ( or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _____ .
                                                                                (date)

*Tenert Red, 111 229554*
Signature of Petitioner

6, 1, 05

# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA



**Lane W. Mann**
  Clerk
**Sonja McKnight**
  Assistant Clerk

P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

March 25, 2005

**CR-04-0782**

Levert Reed III v. State of Alabama  (Appeal from Washington  Circuit Court: CC02-226.60)

## Notice of Filing of Brief

You are hereby notified that the following action was taken in the above cause:

Appellee's Brief Filed.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Levert Reed, III, Pro Se
    P. David Bjurberg, Asst. Atty. Gen.



```
                                    JUDGE: BRADLEY E. BYRNE
                    ALABAMA JUDICIAL DATA CENTER         RECEIVED
                        CASE ACTION SUMMARY
                          CIRCUIT CIVIL               2005 JUN -6 A 10:07
    IN THE CIRCUIT COURT OF ESCAMBIA      COUNTY
    LEVERT REED VS STATE OF ALABAMA                  DEBRA P. HACKETT, CLK
    FILED: 11/01/2004 TYPE: HABEAS/MAND/PROBHIBI TYPE TRIAL: NON-JURY  TRACK:
                                                         MIDDLE DISTRICT ALA
   ****************************************************************************
   DATE1:            CA:                  CA DATE:
   DATE2:            AMT:         $.00    PAYMENT:
   DATE3:
   ****************************************************************************
   PLAINTIFF  001: REED LEVERT
                   AIS 229554-13          ATTORNEY:
                   FOUNTAIN 3800
                   ATMORE, AL  36503-0000
                   PHONE: (334)000-0000
   ENTERED:   11/02/2004 ISSUED:          TYPE:
   SERVED:               ANSWERED:        JUDGEMENT:

   DEFENDANT  001: STATE OF ALABAMA
                                          ATTORNEY: GODWIN MICHAEL D
                                          GOD003    P O BOX 993
                   , AL  00000-0000
                   PHONE: (334)000-0000             BREWTON, AL 36427
   ENTERED:   11/02/2004 ISSUED:          TYPE:     (334)867-0265
   SERVED:               ANSWERED:        JUDGEMENT:
```

11-3-04 | Petitioner has filed a petition for writ of habeas corpus, however, petitioner should have filed a petition for post conviction relief pursuant to Rule 32 of the Ala. Rules of Crim. Procedure and said petition should be filed in the court where the petitioner was convicted. Pursuant to Rule 32.5 of the ARCP, this matter will be transferred to the Circuit Court of Washington County once the petitioner files a proper petition pursuant to Rule 32. If the petitioner failes to file a Rule 32 petition within 30 days, this cause will be dismissed. BEB

This is my letter to show you that to much comply with Rule to doing out to be show this one will not be dismissed

VIF    11/02/2004                                          CV 2004 000315.60

# SUPREME COURT OF ALABAMA



Robert G. Esdale
  Clerk
Lynn Knight
  Assistant Clerk

Office of the Clerk
300 Dexter Avenue
Montgomery, AL 36104-3741
(334) 242-4609

## 1041206

Ex parte Levert Reed III. PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Levert Reed III v. State of Alabama)   (Washington Circuit Court: CC02-226.60; Criminal Appeals : CR-04-0782).

### NOTICE

*Denied*

You are hereby notified that your case has been docketed.  Future correspondence should refer to the above Supreme Court case number.  The petition for writ of certiorari was filed with the Supreme Court on 05/11/2005

### AMENDMENTS TO THE RULES OF APPELLATE PROCEDURE

Counsel and parties should review recent amendments to the Alabama Rules of Appellate Procedure.

Appellate Mediation:  On July 17, 2003, the Supreme Court of Alabama adopted Rule 55, Alabama Rules of Appellate Procedure, which provides for appellate mediation of civil cases.  On January 6, 2004, the Supreme Court of Alabama adopted the Alabama Appellate Mediation Rules.  The rules can be accessed at http://www.judicial.state.al.us.  Any counseled civil case may be referred to appellate mediation by the Appellate Mediation Administrator.

Form Requirements for Documents filed with the Court:   The rules amendments, effective June 1, 2002, may be found in the advance sheets of the Southern Reporter dated December 20, 2001, and in the volume of the Alabama Reporter containing cases from 798 - 804 So.2d.

```
     Please note that one recent rule amendment requires that
briefs be set in Courier New 13.  See Rule 32(a)(5), Ala. R.
App. P., as amended.  This paragraph is typed in Courier New
13.
```

Petitions for Writ of Certiorari:  Major changes have been made to Rules 39 and 40, governing petitions for writ for writ of certiorari and applications for rehearing.  PLEASE FAMILIARIZE YOURSELF WITH THESE CHANGES.  See, Douglas Inge Johnstone, The Two Most Common Fatal Defects in Petitions for Writs of Certiorari, 64 Ala. Lawyer 3 (May 2003) and Celeste Sabel, Forget Everything You Knew About Alabama Certiorari Practice, 64 Ala. Lawyer 6 (September 2003).